UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| DEWEY S. FRAZIER, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | )   No.: 2:14-cv-219-TWP-DHI |
| v. | ) |
| | ) |
| DERRICK SCHOFIELD, Comm'r of | ) |
| Tenn. Dep't of Corr., and GERALD | ) |
| MCALLISTER, Warden, | ) |
| | ) |
|     *Defendants*. | ) |

## MEMORANDUM and ORDER

This is a *pro se* civil rights complaint under 42 U.S.C. § 1983 filed by a state prisoner. Because the plaintiff did not pay the $350.00 filing fee nor tender a properly supported application to proceed *in forma pauperis*, he was given thirty days to pay the filing fee or to submit the required documents to proceed *in forma pauperis* (Doc. 7, Order of July 15, 2014). The plaintiff has failed to respond to that order within the time required.

Accordingly, the Court presumes that the plaintiff is not a pauper and he will be assessed the full filing fee. In addition, this action will be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to comply with the orders of the court. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

The plaintiff is hereby **ASSESSED** the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to <u>the Clerk, U.S. District Court, 220 W. Depot Street, Suite 200, Greeneville, Tennessee 37743,</u> as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and accompanying Judgment to the Warden of the Northeast Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The Clerk is further **DIRECTED** to forward a copy of the Memorandum and accompanying Judgment Order to the court's financial deputy.

Finally, given the above disposition of this action, all pending motions are **DENIED** (Docs. 3-5). *See McGore*, 114 F.3d at 604 (instructing that a court's first focus is "the prisoner's financial status" and not on the merits of the pleadings).

**A SEPARATE JUDGMENT WILL ENTER.**

**ENTER:**

```
    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE
```